# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALD RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 10857 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On December 3, 2015 pro se plaintiff Gerald Ray ("Ray") filed a self-prepared Complaint seeking review of a decision by Acting Commissioner of Social Security Carolyn Colvin that had denied Ray's application for Social Security Disability and Supplemental Security Income benefits. Ray also coupled that submission with two Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). As soon as this Court received the Judge's copy of those filings, it issued a December 7 memorandum order ("Order I") (1) that raised a question as to the timeliness of Ray's action and (2) that, in the interim, held the Application and Motion in abeyance.

Although Ray was almost as prompt in providing supplemental filings in response to this Court's inquiry (those filings were received in the Clerk's Office on December 18), what this Court's ensuing January 14, 2016 memorandum order ("Order II") referred to as "some administrative glitch" misplaced those documents in the system without delivery of a judge's copies to this Court's chambers. When this Court then learned of those filings and obtained copies of Ray's papers, its Order II granted the Application but raised a substantial question as to the propriety of the Motion (in that respect Ray's December 18 submissions reflected that he had

been represented by attorney Michael Louis Hill throughout the administrative proceedings that resulted in the turndown of his claims for benefits, so that his assertions in the Motion were called into serious question). Accordingly Order II concluded on this basis:

> Under those circumstances some better information is needed before this Court can consider the possibly of acting favorably on the Motion. It is plain that attorney Hill served as Ray's counsel throughout the proceedings before the SSA, and the "No favorable response" statement in the Motion gives no indication as to why that representation should not continue in this litigation. That being so, this Court will await further input from Ray to enable it to decide the Motion, and the sooner that input is provided the sooner it will be possible to try to make up for the unfortunate delay that has taken place up to this point.

Just short of six weeks have elapsed since the issuance of Order II, and silence has descended so far as Ray is concerned. Meanwhile government counsel has filed a certified copy of the administrative record on February 19, and this Court had earlier issued a minute entry setting a status hearing for 9 a.m. on March 11, 2016. Under the circumstances this Court finds it inappropriate to act as Ray's nursemaid when he has taken no action on his own behalf, and his Motion (Dkt. No. 5) is therefore denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 23, 2016